IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARVIN B. DAVIS, JR.,

       Petitioner,

      v.                                   No. 12-3075-SAC

RAY ROBERTS and
STEVE KOBACH

       Respondents.

MEMORANDUM AND ORDER

      This case comes before the Court on a petition for habeas corpus filed pursuant to 28 USC § 2254. Petitioner was convicted in state court of aggravated burglary, aggravated kidnapping, domestic violence, and aggravated indecent liberties, and was sentenced to 230 months imprisonment.[1] Petitioner makes multiple challenges to his conviction, including trial court errors, ineffective assistance of trial and appellate counsel, and insufficient evidence.

**Procedural History**

      The procedural history of this case has been established by the Kansas Court of Appeals (KCOA) in Petitioner's direct appeal, *State v. Davis,* No. 79,553, 1999 WL 533699 (Kan.App. May 28, 1999) (unreported opinion),

---

[1] Petitioner filed this petition while in custody. He has been released from custody but the Court presumes he has sufficient collateral consequences of his conviction to warrant maintaining his suit. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Carafas v. LaVallee,* 391 U.S. 234, 237–38, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Rhodes v. Judiscak*, 676 F.3d 931, 933 (2012).

and in Petitioner's various K.S.A. 60-1507 appeals: *Davis v. State*, No. 85,683, 2002 WL 968737 (Kan.App. May 3, 2002) (unpublished opinion reversing for sufficient findings of fact and conclusions of law on petitioner's 60-1507 motion); *Davis v. State*, No. 89,354, 2003 WL 22283015 (Kan.App. October 3, 2003) (unpublished opinion dismissing 60-1507 motion filed in this case, but challenging a sentence in his 1990 case that had been served); *Davis v. State*, No. 94,330, 2007 WL 1109528 (Kan.App. April 13, 2007) (unpublished opinion affirming 60-1507 decision); *Davis v. State*, No. 104,281, 2011 WL 3250578 (Kan.App. July 22, 2011) (unpublished opinion finding separate 60-1507 motion untimely, finding no manifest injustice, and declining to consider whether the motion was also second or successive). The Court understand that case Nos 98,354 and 02C0350 are not relevant to this habeas corpus as they relate to an earlier case, *State v.Davis*, 90CR2192 and not to *State v.Davis*, 96CR2192.

The Court adopts the facts stated in the relevant prior opinions and shall not repeat them except as necessary to the analysis of this petition. *See* 28 U.S.C. § 2254(e)(1) (a court presumes that the factual findings of the state court are correct unless the petitioner rebuts that presumption by "clear and convincing evidence."); *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004). In short, Petitioner's conviction for aggravated indecent liberties with a child was founded upon his consensual intercourse with a 15-year-old

girl, and his other convictions were founded upon a domestic altercation between him and his common-law wife.

**Motion to Expand Records**

The petitioner moves this court for an order expanding the records, citing Rule 7 governing § 2254 cases. Petitioner seeks to include the following "correct records and cases" he contends are "directly relevant and integral to" his motion; *Davis v. Kansas*, 04,92777 (Kan.Sp.Ct.J_004); *Davis v. Clark*, No. 99,121 (Kan.App.Unpub. July 25, 2008); *Davis v. Clark*, No. 05-94,269 (Kan.Sp.Ct. June 10, 2005); *State v.Davis*, No. 98,674 (Kan.App. August, 27, 2007); *Davis v. KCOA et al.*, No. 105,130 (Kan.Sp.Ct. June 20, 2011).

The cited rule permits *a judge* to direct the parties to expand the record, yet case law may permit a petitioner, upon good cause shown, to file such a motion. *See Harris v. Nelson*, 394 U.S. 286, 300 (1969). But Petitioner has shown no need to expand the record, as he does not show the significance of any document not included in the record before this court, and the Court can take judicial notice of the filings in related cases. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979). This motion shall thus be denied.

**I. AEDPA Standard**

The habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA "erects a formidable barrier to

federal habeas relief," *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013), and "requires

federal courts to give significant deference to state court decisions" on the

merits. *Lockett v. Trammel*, 711 F.3d 1218, 1230 (10th Cir. 2013); *see also*

*Hooks v. Workman*, 689 F.3d 1148, 1162-63 (10th Cir. 2012) ("This highly

deferential standard for evaluating state-court rulings demands state-court

decisions be given the benefit of the doubt." (quotations omitted)).

Under AEDPA, where a state prisoner presents a claim in habeas

corpus and the merits were addressed in the state courts, a federal court

may grant relief only if it determines that the state court proceedings

resulted in a decision (1) "that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the

Supreme Court of the United States" or (2) "that was based on an

unreasonable determination of the facts in light of the evidence presented in

the State court proceeding." 28 U.S.C. § 2254(d). *See also Harrington v.*

*Richter*, 131 S. Ct. 770, 783-84 (2011).

"Clearly established law is determined by the United States Supreme

Court, and refers to the Court's holdings, as opposed to the dicta." *Lockett*,

711 F.3d at 1231 (quotations omitted). A state court decision is "contrary

to" the Supreme Court's clearly established precedent "if the state court

applies a rule different from the governing law set forth in [Supreme Court]

cases, or if it decides a case differently than [the Supreme Court has] done

on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S.

685, 694 (2002) (quotations omitted).

A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct legal rule from Supreme Court case law, but unreasonably applies that rule to the facts. *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000)). Likewise, a state court unreasonably applies federal law when it either unreasonably extends, or refuses to extend, a legal principle from Supreme Court precedent where it should apply. *House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008).

In reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). In making this assessment, the Court reviews the factual findings of the state court for clear error, reviewing only the record that was before the appellate court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

A writ of habeas corpus may issue only when the petitioner shows "there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Id.* at 786 (emphasis added). "Thus, "even a strong case for relief does not mean that

the state court's contrary conclusion was unreasonable." *Id.* "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Titlow*, 134 S. Ct. at 16 (quoting *Richter*, 131 S. Ct. at 786). See *Frost v. Pryor*, ___ F.3d ___, 2014 WL 1647013 (10th Cir. April 25, 2014).

## II. Issues

Petitioner has filed 334 pages in addition to his actual petition, in violation of the rules of this court. *See* D.Kan.Rule 5.1(f) ("Bulky or voluminous materials should not be filed in their entirety ... unless the court finds the materials essential and grants leave to file them. The court may strike any pleading or paper filed in violation of this rule."); *Cf*, Rule 7.1(e) (limiting the arguments and authorities section of briefs or memoranda to 30 pages, absent a court order). From Petitioner's lengthy and disorganized statements, the court finds and resolves the following issues.[2]

### A. Sufficiency of the evidence

Petitioner claims that the State presented insufficient evidence to support his convictions for aggravated indecent liberties with a child and aggravated kidnapping. Generally, as to the evidence of aggravated indecent liberties, he points to the weakness of the victim's testimony against him, which was the sole evidence of that crime. As to the aggravated kidnapping, Petitioner asserts that records of relevant 911 calls refute the victim's

---

[2] To the extent that Petitioner may have some other argument hidden within his ramblings, the Court declines to construct legal arguments for him.

testimony about the time of events, making it impossible for him to have committed that crime.

Respondent contends that this issue is procedurally defaulted because Petitioner failed to challenge the sufficiency of the evidence in his direct appeal to the state court. The Court agrees. Federal habeas review is available only where the petitioner has given the state courts "one full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Petitioner has not done so here.

Even though "[a] habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [since] there are no state remedies any longer 'available to him," *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), "there is a procedural default for purposes of federal habeas." *Id*. at 735 n. 1. Accordingly, this claim is procedurally barred from federal habeas review because it was not fairly presented to the Kansas Supreme Court and would now be untimely under Kansas's procedural rules. *See O'Sullivan*, 526 U.S. at 848.

For the Court to reach the merits of this claim, Petitioner must show cause for his default and prejudice as a result of the alleged violation of federal law, or demonstrate that this Court's failure to consider the claim will

result in a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 488-89, 496, 106 S.Ct. 2639, 2645-46, 2649, 91 L.Ed.2d 397 (1986).

To show cause petitioner must demonstrate that "some objective factor external to the defense impeded [his] efforts to comply" with the state law. *Murray,* 477 U.S. at 488. "Such an external factor might, for example, be proven by a 'showing that the factual or legal basis for a claim was not reasonably available to counsel, … or that some interference by officials made compliance impracticable." *Scott v. Mullin,* 303 F.3d 1222, 1228 (10th Cir. 2002) (quoting *Murray,* 477 U.S. at 488).

To show prejudice, petitioner must show that he suffered "actual prejudice as a result of the alleged violation of federal law." *Coleman,* 501 U.S. at 750. A petitioner cannot establish prejudice when there is strong evidence of petitioner's guilt. *United States v. Frady,* 456 U.S. 152, 172, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

The fundamental miscarriage of justice exception is "a narrow exception to the cause requirement where a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense." *Dretke v. Haley,* 541 U.S. 386, 393, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004) (internal quotation marks omitted).

> "[T]he fundamental miscarriage of justice exception seeks to balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To make a credible showing of actual innocence, a "petitioner must 'support his allegations of constitutional error with new reliable

> evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Cummings*, 506 F.3d at 1223 (quoting *Schlup*, 513 U.S. at 324). This new evidence "must be sufficient to 'show that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence.'" Id. (quoting *Schlup*, 513 U.S. at 327); accord House, 547 U.S. at 539-40 (reaffirming the *Schlup* test after AEDPA). This standard is "demanding and permits review only in the extraordinary case." *House*, 547 U.S. at 538 (quotations omitted).

*Frost,* at 17.

Petitioner has failed to assert and to show either cause and prejudice, or actual innocence, as is necessary to overcome this procedural default.

### B. Prosecutorial Misconduct

Petitioner contends that he was denied a fair trial because of prosecutorial misconduct. Respondent asserts that the following claims of prosecutorial misconduct are procedurally defaulted: that the prosecutor (1) said in his closing argument "there was no evidence otherwise" in reference to the sexual intercourse and whether it happened; (2) lied to the jury by telling them the state had a positive result from the sexual assault kit and that is why it was not presented by the defense; (3) insinuated that Petitioner had committed uncharged crimes; and (4) said there is no presumption of innocence.

These claims of error were not included in any of Petitioner's state court proceedings, thus Petitioner has procedurally defaulted them. Because Petitioner has not shown cause and prejudice or that this Court's failure to

consider these claims will result in a fundamental miscarriage of justice, these claims cannot be reviewed in this proceeding.

One such claim is, however, properly before this court - that the prosecution improperly shifted the burden of proof by repeatedly asserting during closing argument that the defendant had the power to subpoena witnesses, and by saying that the defendant could have introduced the results of the rape kit performed on R.C. The objectionable rape kit comment is:

> They don't have to prove anything, but the only thing they can do is ask for a rape kit . . . It may suggest or show if somebody has had or hasn't had sex. Now, they don't have to introduce it. They don't have to do a thing; but if they wanted it . . . they could have introduced it.

(R. VIII, pg. 416, ll. 20-23). On direct appeal Petitioner raised this claim of prosecutorial misconduct, alleging that these statements erroneously shifted the burden of proof to him.

**State Court Holding**

The Kansas Court of Appeals (KCOA) found that the prosecutor's repeated statements that defendant had subpoena power "were likely improper." *Davis*, No. 79,553, 1999 WL 533699, at *5 (Kan.App. May 28, 1999) (unpublished opinion), R.Vol. I, p. 4 of decision. But the KCOA found no prejudice because the jury was repeatedly instructed by the prosecutor, defense counsel, and the court that the State had the burden of proving defendant's guilt. *See e.g.*, Instr. No. 2, instructing that the State has the burden of proving the defendant is guilty and the defendant is not required

to prove that he is not guilty. R. Vol. 1, No. 96-cr-02192. The trial court had also instructed the jury that statements, arguments and remarks of counsel are not evidence and should be disregarded if not supported by evidence.

Regarding reference to the rape kit in closing, the KCOA found that the prosecutor's comment was in response to defendant's argument about why the rape kit was not introduced, so was not prejudicial error. The Court then concluded:

> Here, the prosecutor's statements did not shift the burden of proof to defendant. Even if the prosecutor's statements were improper, such did not rise to the level of being so gross and flagrant as to deny the defendant a fair trial. Further, the statements had little likelihood of changing the result of the trial. There was substantial competent evidence of defendant's guilt. The evidence was that R.C. had consensual sex with defendant, making whether she was raped irrelevant. The district court did not err in denying defendant's motion for mistrial.

*Id.*

**Habeas Review**

Habeas relief is not warranted for prosecutorial misconduct unless it "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). *See Mayes v. Gibson,* 210 F.3d 1284 (10th Cir. 2000), *cert. denied,* 531 U.S. 1020, 121 S.Ct. 586, 148 L.Ed.2d 501 (2000). A proceeding is fundamentally unfair under the Due Process Clause if it is "shocking to the universal sense of justice." *United States v. Russell,* 411 U.S. 423, 432 (1973). "To view the prosecutor's statements in

context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." *Fero v. Kerby,* 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); *see also Smallwood v. Gibson,* 191 F.3d 1257, 1275–76 (10th Cir. 1999).

Here, the KCOA, in deciding whether the prosecutor's statements denied the defendant a fair trial, applied the same test required by the United States Supreme Court in *Donnelly* for a due process determination. The KCOA also viewed the prosecutor's statements in context, weighed them against the strength of the evidence against the defendant, and found no prejudice to the Petitioner. Petitioner has thus failed to demonstrate that the KCOA's adjudication was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d).

### C. Ineffective Assistance of Trial Counsel

Petitioner asserts multiple claims of ineffective assistance of trial counsel, in violation of the Sixth Amendment. Respondent counters that the following claims are defaulted: (1) counsel failed to argue actual innocence on behalf of the Petitioner; (2) counsel failed to present evidence of the rape test kit; (3) counsel argued that certain evidence was in the record when it wasn't; (4) counsel conceded the state's version of facts; and (5) counsel had a conflict of interest toward Petitioner. Having reviewed the record, the

Court agrees that these claims are procedurally defaulted and that no exception to default has been shown.

Petitioner's claims of ineffective assistance of trial counsel which are properly before the court allege that trial counsel was ineffective for: (1) not conducting an investigation; (2) improperly allowing a conference on a jury question; (3) waiving Petitioner's preliminary hearing; (4) requesting a lesser included offense jury instruction; (5) failing to present Petitioner's alleged statement denying guilt; (6) failing to effectively cross examine Detective Swanson; (7) failing to challenge evidence; (8) failing to present any witnesses; (9) failing to object to the alleged prosecutorial misconduct; and (10) failing to object to jury instructions.

**State Court Holding**

The KCOA summarily found that nearly all of these allegations were either rejected in Petitioner's direct appeal, or should have been raised as trial errors in the direct appeal, or were actually addressed by the district court in the journal entry. *Davis v. State*, 2007 WL 1109528, 3 (Kan.App. 2007). The KCOA concluded that the district court's findings of fact and conclusions of law were supported by the record, and that the district court adequately addressed Davis' overall claim of ineffective assistance of counsel. Further, the KCOA was not convinced that, but for counsel's deficiencies, there was a reasonable probability of a different outcome, as

was necessary, citing *State v. Gleason,* 277 Kan. 624, 644, 88 P.3d 218
(2004). *Id,* at 5.

The KCOA separately addressed one claim - that counsel erred in
allowing a conference regarding a jury question to occur outside Davis'
presence. It noted that in *State v. Knapp,* 234 Kan. 170, 671 P.2d 520
(1983), the Kansas Supreme Court found no reversible error despite
statutory authority that the defendant should have been present or waived
his presence. The KCOA found no evidence of ineffective assistance of
counsel here, stating:

> Similar to *Knapp,* we find no reversible error in the case at bar. We
> also find no evidence of ineffective assistance of counsel when trial
> counsel competently agreed to the district court's answer to the jury's
> question, where no new law was given, and where the court simply
> directed the jury back to the jury instructions. See *State v. Sims,* 33
> Kan.App.2d 762, 765, 108 P.3d 1007, *rev. denied* 280 Kan. 990
> (2005) (proof that counsel's performance was below standard of
> reasonableness and result of trial would have been different). Further,
> the jury instructions referenced were taken directly from the PIK
> criminal jury instructions and there was no objection at trial or now on
> appeal that the instructions were improper statements of the law.

*Id*, 2007 WL 1109528 at 4.

The district court's factual analysis which the KCOA reviewed and
affirmed follows:

> 7. A review of the record shows movant's attorney was aware
> C.S. wished to change her story. C.S. employed counsel to instruct her
> on the possible legal ramifications of changing her story. C.S.'s counsel
> informed the court C.S. would tell the truth on the stand and fully
> understood her responsibilities to the court. At trial, C.S. did not fully
> recant the stories she told investigating officers, but indicated her
> claims were exaggerated and told a significantly different story. The
> State rebutted C.S's changed story by playing C.S's taped interview for

14

the jury and having two officers testify about what C.S. told them. Thus, contrary to movant's claim, trial counsel presented C.S.'s recanted testimony in full. No unprofessional conduct or prejudice has been shown.

8.  The record establishes trial counsel attempted, but was unable, to locate Milner for trial. Movant told the court Milner did not testify because he could not be located. In any event, counsel's alleged failure to contact Milner did not prejudice movant. This court held "[e]ven if the jury believed Milner's testimony, such evidence only established defendant and R.C. did not have sex while Milner was at defendant's house."

9. Movant further claims trial counsel was ineffective for failing to challenge allegations of past abuse of C.S. On direct appeal, this court addressed the admission of allegations of past abuse. (See R.IV, 169-70.) Trial counsel objected to some, but not all, instances of past abuse alleged by witnesses in the State's case-in-chief. The failure to object to all statements, however, did not prejudice movant.

10. Movant claims trial counsel was ineffective for failing to attack allegedly inconsistent statements made by R.C. and for failing to present medical reports from R.C.' sexual assault examination. Movant claims the medical reports establish he did not have sex with R.C. Movant's claim is belied by the record.
The medical records do not establish he did not have sex with R.C. and provide no evidence of inconsistent statements. In both the medical records and at trial, R.C. indicated she and movant had consensual intercourse. Finally, nothing in the record indicates trial counsel failed to discover the medical records.

11. Finally, movant claims trial counsel was ineffective for failing to prepare a defense when he did not challenge the blood found in his car. Movant does not indicate, however, how he was prejudiced by this evidence or how the evidence of blood in the car could have been challenged. An issue neither briefed nor argued on appeal is deemed waived or abandoned. (Citation omitted.)

12. Movant claims trial counsel was ineffective for requesting a lesser included instruction on battery and not requesting a lesser included instruction on criminal restraint.
Contrary to movant's claim, trial counsel effectively represented him at this stage in the proceedings. Trial counsel sought a lesser included instruction on battery claiming if the jury found movant did

not have the intent to kidnap C.S. when he removed her from her friend's home, the only crime that occurred was simple battery.

13. The movant next claims counsel was ineffective for waiving a preliminary hearing. The record reflects that it was a strategic decision made by both counsel and the movant.

R. Vol. II, Case No. 00 C 1099, Order Denying 60-1507 Relief, Dec.11, 2002,

3-5.

**Habeas Review**

The Court reviews petitioner's claim of ineffective assistance of counsel

under the familiar framework laid out in *Strickland v. Washington*, 466 U.S.

668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under that standard, to prevail

on a claim of ineffective assistance of counsel, petitioner must show both

that his counsel's performance "fell below an objective standard of

reasonableness" and that "the deficient performance prejudiced the

defense." *Strickland*, 466 U.S. at 687–88; accord *Hooks v. Workman*, 606

F.3d 715, 723 (10th Cir. 2010).

This court's review of counsel's performance is "highly deferential."

*Hooks*, 606 F.3d at 723. "[C]ounsel is strongly presumed to have rendered

adequate assistance and made all significant decisions in the exercise of

reasonable professional judgment." *Byrd v. Workman*, 645 F.3d 1159, 1168

(10th Cir.2011) (quotation omitted). "To be deficient, the performance must

be outside the wide range of professionally competent assistance. In other

words, it must have been completely unreasonable, not merely wrong."

*Hooks*, 606 F.3d at 723 (citations omitted) (internal quotation marks

16

omitted); accord *Gardner v. Galetka*, 568 F.3d 862, 874 (10th Cir. 2009), *cert. denied*, 559 U.S. 993, 130 S.Ct. 1737, 176 L.Ed.2d 215 (2010). "The Supreme Court requires [the court] to make 'every effort … to eliminate the distorting effects of hindsight' by indulging in a strong presumption counsel acted reasonably." *Strickland*, 466 U.S. at 689. Petitioner bears a heavy burden of overcoming the presumption that counsel's actions were sound trial strategy. *Byrd*, 645 F.3d at 1168.

Furthermore, because this is a § 2254 proceeding, the Petitioner faces an even greater challenge, as this court defers not only to the attorney's decision in how to best represent a client, but also to the state court's determination that counsel's performance was not deficient. *Byrd*, 654 F.3d at 1168. For that reason, this court's review of a defendant's habeas claim of ineffective assistance of counsel is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009).

In denying Petitioner's claims of ineffective assistance of trial counsel, the KCOA evaluated the evidence of record and applied law consistent with the United States Supreme Court's *Strickland* standard for ineffective counsel. *See Davis v. State*, 2007 WL 1109528 (citing and applying *Gleason*); *State v. Gleason,* 277 Kan. 624 (citing and applying *Strickland*). Its factual findings were objectively reasonable. Thus no basis for habeas relief has been shown.

**D. Ineffective assistance of appellate counsel**

Petitioner also asserts several claims of ineffective assistance of appellate counsel. Respondent contends the following claim is procedurally defaulted - that Petitioner was denied effective assistance of counsel when his trial counsel allegedly failed to suppress R.C.'s testimony regarding Petitioner's guilt.

Even assuming that Petitioner's appellate counsel failed to raise the issue of the trial counsel's alleged failings, this issue is procedurally defaulted because it was never raised in any of the state court proceedings. True, " 'Ineffective assistance of counsel [at trial or on direct appeal] ... is cause for procedural default.' " *United States v. Challoner,* 583 F.3d 745, 749 (10th Cir. 2009) (quoting *Murray,* 477 U.S. at 488). But before a petitioner may assert "ineffective assistance of trial or appellate counsel to establish cause for his procedural default, he must first present this argument as an independent claim to the state court." *Gonzales v. Hartley,* 396 Fed. Appx. 506, 508–509 (10th Cir. 2010) (citing *Murray,* 477 U.S. at 488–89). Petitioner has not shown that he has done so here.

Petitioner did raise other claims of appellate counsel inefficiency in his K.S.A. § 60-1507 motions, so the court addresses them below. These allege that his appellate counsel failed to challenge the sufficiency of the evidence, and failed to brief new issues in his petition for review.

**State Court Holding**

The KCOA did not specifically address the merits of the ineffective assistance of appellate counsel claim, but concluded that the district court's findings of fact and conclusions of law were supported by the record, and that the district court adequately addressed Davis' overall claim of ineffective assistance of counsel. *Davis v. State*, 2007 WL 1109528, 3 (Kan.App. 2007). Further, the KCOA was not convinced that, but for counsel's deficiencies, there was a reasonable probability of a different outcome, as was necessary, citing *State v. Gleason,* 277 Kan. 624, 644, 88 P.3d 218 (2004). *Id.,* at 5.

> We have examined the district court's journal entry and Davis' 60-1507 motion at great length. The court submitted a lengthy and detailed journal entry. We have considered each of the district court's findings of fact and conclusions of law and find they are supported by the record. In order to reverse, we must be convinced that, but for counsel's deficiencies, there was a reasonable probability of a different outcome. *State v. Gleason,* 277 Kan. 624, 644, 88 P.3d 218 (2004). We are not so convinced. Davis' trial, while not perfect, was fair. See *State v. Johnson-Howell,* 255 Kan. 928, 952, 881 P.2d 1288 (1994). A review of the motion, files, and records in the case conclusively show that Davis is not entitled to any relief. The court may not have addressed every single factual contention raised in the 60-1507, however, we find the court adequately addressed Davis' overall claim of ineffective assistance of counsel.

*Davis*, 2007 WL 1109528 at 5.

The district court rejected these claims of ineffective assistance of appellate counsel, stating:

> Movant's claim of insufficient evidence was based on the newly discovered evidence, i.e., the medical records and Milner's testimony. On appeal, the Court of Appeals already concluded the alleged newly

discovered evidence did nothing to refute the evidence that movant
had intercourse with R.C. … Finally, movant's complaint that appellate
counsel failed to argue this court's holding was not supported by the
evidence or legal authorities disregards the fundamental purpose for
filing a petition for review.

R. Vol. II, Case No. 00 C 1099, Order Denying 60-1507 Relief, p. 5. Para.

14.

### Habeas Review

The standard for assessing appellate counsel's performance is the

same as that applied to trial counsel. *Smith v. Robbins,* 528 U.S. 259, 285,

120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

Petitioner complains that his appellate counsel should have raised

other issues on appeal. But a criminal defendant does not have a

constitutional right to compel counsel to raise claims on appeal, even

nonfriviolous ones, if counsel, "as a matter of professional judgment, decides

not to present those points." *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct.

3308, 77 L.Ed.2d 987 (1983). Indeed, "winnowing out weaker arguments on

appeal and focusing on one central issue if possible, or at most on a few key

issues," is one of the hallmarks of effective appellate advocacy. *Id* at 751–

52. Counsel cannot be found ineffective for failing to raise meritless claims.

*See Strickland v. Washington,* 466 U.S. 668, 691–96 (1984) (no ineffective

assistance of counsel absent a showing of reasonable probability that

outcome would have been different); *Martin v. Kaiser,* 907 F.2d 931, 936

(10th Cir.1990) (failure to raise meritless argument cannot constitute ineffective assistance of counsel).

In denying this claim, the KCOA reviewed the record and applied law consistent with *Strickland*. Its factual findings were objectively reasonable, as the district's court's order shows in more detail. Petitioner has not shown that his appellate counsel's performance was objectively unreasonable, or demonstrated a reasonable probability that but for his counsel's alleged errors, he would have prevailed on appeal, as is required. *Id*. Thus no basis for habeas relief has been shown.

### E. Failure to Instruct on Lesser Included Offense

Petitioner contends that the trial court's failure to instruct on the lesser included offense of criminal restraint denied him a fair trial.

But this court cannot review the merits of this state law issue. The Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in non-capital cases. *See Beck v. Alabama,* 447 U.S. 625, 638 n. 14, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). And Tenth Circuit precedents establish a rule of 'automatic non-reviewability' for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction. *Dockins v. Hines,* 374 F.3d 935, 938 (10th Cir. 2004). As a result, Petitioner cannot raise a debatable claim that he is entitled to habeas relief on this ground. *See Johnson v. Keith,* 726 F.3d 1134, 1135 n. 2 (10th Cir. 2013).

**F. Right to be Present**

Petitioner contends that his constitutional right to be present during trial was violated because he was absent when the judge conferred with counsel by telephone about a question asked by the jury during deliberations, and the judge answered it. The jury asked the following question:

> We the jury request a definition of Count 2 item 2, the work "intent" and what time frame if any it must occur.

R. Vol. I, jury question, 96-cr-2192. The court responded, "the word is self-defining, see the instructions." R. Vol. I, jury question. Count 2 was the aggravated kidnapping count, and its lesser included offense of kidnapping. "Item 2," evidently the second element of that Count, required that the taking by force "was done with intent to hold such person to inflict bodily injury or to terrorize the victim." *Id.*

**State Court Ruling**

The KCOA found that Petitioner was present when the jury instructions were resolved at trial, yet made no objection to them, and that the relevant instructions had come directly from the Pattern Instructions for Kansas. *Davis*, No. 94,330, 2007 WL 1109528, at *4. It found no prejudice by the Petitioner's absence because his counsel was present, the answer proposed by the court and approved by counsel contained no new instructions, and the court merely referred the jury back to instructions previously given.

Therefore, the Court found no reversible error. *Davis*, No. 94,330, 2007 WL 1109528, at *4.

**Habeas Review**

It is a basic premise of our justice system that during a felony prosecution, the defendant has a Fourteenth Amendment privilege to be present under certain circumstances.

> The Court has assumed that, even in situations where the defendant is not actually confronting witnesses or evidence against him, he has a due process right "to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge." *Snyder v. Massachusetts,* 291 U.S. 97, 105-106, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934). Although the Court has emphasized that this privilege of presence is not guaranteed "when presence would be useless, or the benefit but a shadow," *id.,* at 106-107, 54 S.Ct., at 332, due process clearly requires that a defendant be allowed to be present "to the extent that a fair and just hearing would be thwarted by his absence," *id.,* at 108, 54 S.Ct., at 333. Thus, a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.

*Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S.Ct. 2658, 667 (1987) (finding no due process violation by excluding defendant from a hearing to determine two young witnesses' competency to testify). Two common exceptions to this rule exist but are inapplicable here. *See Crosby v. United States,* 506 U.S. 255, 259 (1993) (waiver by voluntary absence); *Illinois v. Allen,* 397 U.S. 337, 343 (1970) (forfeit by disruptive behavior).

But when the defendant's "presence would be useless, or the benefit but a shadow," due process does not require the defendant's presence at a

trial proceeding. *Snyder,* 291 U.S. at 106-07, 54 S.Ct. 330. In determining whether exclusion of a defendant from a proceeding violated due process, the court considers the proceedings "in light of the whole record." *Gagnon,* 470 U.S. at 526-27, 105 S.Ct. 1482.

The Supreme Court has specifically held that a felony defendant has no constitutional right to be present at a discussion in the judge's chambers between the judge, a juror, and the defendant's lawyer relating to the juror's ability to remain impartial. *United States v. Gagnon*, 470 U.S. 522, 105 S.Ct. 1482 (1985). Similarly, the Tenth Circuit has held that a felony defendant's absence from legal conferences or the questioning of jurors in a judge's chambers does not deprive the defendant of due process. *Bland v. Sirmons*, 459 F.3d 999 (10th Cir. 2006) (finding defendant's absence when trial court conducted a limited *voir dire* in chambers of some individual jurors to determine their impartiality did not violate his due process rights). *See also Hale v. Gibson,* 227 F.3d 1298 (10th Cir. 2000) (finding defendant's absence from a hearing on counsel's motion to withdraw did not violate the defendant's due process rights); *United States v. Santiago,* 977 F.2d 517, 522-23 (10th Cir. 1992) (finding defendant's absence from an *ex parte* discussion with a juror was not fundamentally unfair even though the defendant could not observe juror's potential bias); *Abeyta v. Gunter,* 982 F.2d 528, p. 2 (Table) (10th Cir. 1992) (finding defendant's absence from a pre-trial hearing on purely legal matters did not violate due process rights).

"Defendant's presence is not required at a conference or hearing at which he could do nothing, such as a hearing on a motion that concerns only matters of law. *United States v. Gagnon,* 470 U.S. at 527." *Abeyta*, 982 F.2d at p.2. Here, as in *Gagnon*, petitioner's presence at the conference was not required to ensure fundamental fairness or a "reasonably substantial … opportunity to defend against the charge." See *Snyder, supra.* The conversation between the judge and both lawyers while reviewing the jury's question and formulating an answer to it concerned a legal matter and was not the sort of event which defendant had a right personally to attend under the Fifth Amendment. Petitioner could have done nothing had he been at the conference, nor would he have gained anything by attending. Petitioner has thus failed to establish that the KCOA's resolution of this issue was contrary to or an unreasonable application of law clearly established by the Supreme Court.

### G. Improper Aggravated Burglary Jury Instruction

Petitioner contends that the aggravated burglary jury instruction (Count I) was improper. Respondent counters and the court agrees that this claim is procedurally defaulted. Although Petitioner challenged the aggravated kidnapping instruction, he did not challenge this instruction in his state court proceedings.

But even had the Court reached the merits of this claim, Petitioner would not have prevailed.

The instruction (No. 7) requires the following elements:

1. That the defendant knowingly entered or remained in a home;

2. That the defendant did so without authority;

3. That the defendant did so with the intent to commit aggravated kidnapping or kidnapping, a felony therein;

4. That at the time there was a human being in the home; and

5. That this act occurred on or about the 14th day of November, 1996, in Sedgwick County, Kansas.

Petitioner believes that the instruction requires the State to prove that he had the requisite intent at the instant he entered the house. Petitioner asserts that the state misconstrued this instruction and erroneously argued to the jury that his intent to commit kidnapping could have arisen *after* he entered the house. The attorneys disputed this very point during closing arguments and the judge permitted them to make conflicting arguments to the jury about what this instruction required.

Petitioner must demonstrate that the instructional error "so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977), quoting *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). " 'A single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.' " *Boyde v. California,* 494 U.S. 370, 378, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990), quoting Cupp,

414 U.S. at 146–47. Due process requires that every element of a crime be established beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 315-16, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). But even erroneous jury instructions that omit an element of an offense are subject to harmless-error analysis. *Neder v. United States,* 527 U.S. 1, 119 S.Ct. 1827 (1999). So even assuming constitutional error, habeas relief is unavailable unless that error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht, 5*07 U.S. at 627.

Petitioner asserts that confusion about this instruction was evidenced by the jury's question during its deliberations. But that question was expressly directed to "Count 2, item 2," - the aggravated kidnapping charge and its element of intent ("that [the taking by force] was done with intent to hold such person to inflict bodily injury or to terrorize the victim."), not to the aggravated burglary charge. Petitioner has not shown any prejudicial error either in the instruction itself, or in the State's characterization of it to the jury.

### H. Witness Intimidation

Petitioner contends that C.S., the victim of his indecent liberties charge, wanted to recant the testimony she gave to the police, but was intimidated by the state and was persuaded to testify erroneously.

## State Court Ruling

Petitioner raised this issue in his K.S.A. 60-1507 motion or brief, and

the Kansas Court of Appeals affirmed the denial of that motion without

specifically addressing this issue. The district court adopted the State's

response to Petitioner's 60-1507 motion, which stated in relevant part:

> A review of the record shows movant's attorney was aware C.S. wished to change her story. C.S. employed counsel to instruct her on the possible legal ramifications of changing her story. C.S.'s counsel informed the court C.S. would tell the truth on the stand and fully understood her responsibilities to the court. At trial, C.S. did not fully recant the stories she told investigating officers, but indicated her claims were exaggerated and told a significantly different story. The State rebutted C.S's changed story by playing C.S.'s taped interview for the jury and having two officers testify about what C.S. told them. Thus, contrary to movant's claim, trial counsel presented C.S.'s recanted testimony in full. No unprofessional conduct or prejudice has been shown.

R. Vol II, *Davis v. Kansas*, No.00 C 1099, p. 3 of State's Response.

## Habeas Review

Habeas relief is not warranted unless the prosecutorial misconduct "so

infected the trial with unfairness as to make the resulting conviction a denial

of due process." *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct.

1868, 40 L.Ed.2d 431 (1974). *See Mayes v. Gibson,* 210 F.3d 1284 (10th

Cir. 2000), *cert. denied,* 531 U.S. 1020, 121 S.Ct. 586, 148 L.Ed.2d 501

(2000).

The United States Supreme Court has held that the Sixth and Fifth

Amendments may be violated by a State's intimidation of a prospective

witness or by interfering with the freedom to present testimony without fear

of retaliation against the witness by the government. *See Webb v. Texas,* 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972); *Washington v. Texas,* 388 U.S. 14, 17-19, 87 S.Ct. 1920, 1922-23, 18 L.Ed.2d 1019, 1021-23 (1967). Thus actively encouraging a witness not to testify, badgering a witness to remain silent, or otherwise substantially interfering with a defense witness's decision to testify may violate a defendant's due process rights. See *United States v. Crawford,* 707 F.2d 447, 449 (10th Cir. 1983); *United States v. Arthur,* 949 F.2d 211 (6th Cir. 1991).

But *Webb* does not "stand for the proposition that merely warning a defendant of the consequences of perjury demands reversal." *United States v. Harlin,* 539 F.2d 679, 681 (9th Cir.), *cert. denied,* 429 U.S. 942, 97 S.Ct. 362, 50 L.Ed.2d 313 (1976). To the contrary, as a general rule a court and a prosecutor have "the discretion to warn a witness about the possibility of incriminating" himself or herself. *United States v. Smith*, 997 F.2d 674 (10th Cir. 1993), quoting *United States v. Arthur,* 949 F.2d 211, 215 (6th Cir. 1991). A prosecutor does not necessarily violate *Webb* merely by advising a witness of the possibility that he or she could face prosecution for perjury if his or her testimony differs from that he or she has given previously. *United States v. Gloria,* 494 F.2d 477, 484-85 (5th Cir.) (en banc), *cert. denied,* 419 U.S. 995, 95 S.Ct. 306, 42 L.Ed.2d 267 (1974).

Here, the record does not reflect that the prosecutor's conduct toward C.S. was improper. Petitioner has shown no threats of perjury, use of

coercive or intimidating language, or other tactics that could have substantially interfered with C.S's free and unhampered decision to testify. In contrast, the record reveals that C.S. did testify and testified freely, as evidenced by her contradicting in large part the prior statements she had given to police. Under these circumstances, no basis for habeas relief has been shown.

### I. Denial of Petitioner's 60-1507 motion

Petitioner asserts that the district court erred in ruling on his post-conviction motion because it adopted the state's response to his 60-1507 motion, rather than independently analyzing the issues and drafting an order. No evidentiary hearing was held on Petitioner's K.S.A. § 60-1507 motion. Counsel filed briefs and made some arguments after which the district court stated that it had reviewed the file, the records, and the state's response, and would adopt the state's response as its decision. Although the district court's journal entry is nearly a mirror image of the State's response, it attempted to address each of the claims Petitioner raised in his 60-1507 motion and memorandum of nearly 140 pages.

Petitioner has not shown that he has a constitutional right that the district court may have violated by the manner in which it reported its decision in his post-conviction proceeding. While habeas relief is available to address defects in a criminal defendant's conviction and sentence, alleged defects in a collateral proceeding do not state a basis for habeas relief. *See*

*United States v. Dago,* 441 F.3d 1238, 1248 (10th Cir. 2006) ("[D]ue process challenges to post-conviction procedures fail to state constitutional claims cognizable in a federal habeas proceeding."); *Sellers v. Ward,* 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error [the defendant] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim.").

### J. Fraud on the Court

Petitioner argues that the district court and his state habeas counsel conspired to commit fraud. Petitioner challenges the manner in which the district court resolved his 60-1507 motion, as noted above. Petitioner contends that the judge did not review the records in the case and that his attorney's acts constitute fraud on the court.

Petitioner thus mounts an attack on the integrity of the state habeas proceeding. But alleged defects in a collateral proceeding state no basis for habeas relief, as federal habeas courts do not address alleged errors of state law. *Estelle,* 502 U.S. at 67-68. See *Hopkinson v. Shillinger*, 866 F.2d 1185, 1218-19 (10th Cir. 1989).

### Evidentiary Hearing

The court finds no need for an evidentiary hearing. ("[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record.)" *Anderson v. Attorney Gen. of Kansas,* 425 F.3d 853, 859 (10th Cir.2005)

*Schriro,* 550 U.S. at 474 ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, a petitioner makes that showing by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). *See United States v. Bedford,* 628 F.3d 1232 (10th Cir. 2010). The Court finds that Petitioner has not met this standard as to any issue squarely presented in this case, so denies a certificate of appealability.

IT IS THEREFORE ORDERED that the petition for habeas corpus relief under 28 U.S.C. § 2254 (Dk.1) is denied.

Dated this 7th  day of May, 2014, at Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge